**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNION EQUIPMENT FINANCE, LLC,

Plaintiff,

v.

COLLIERS EQUIPMENT TRUSTEE,
LLC; COLLIERS FUNDING LLC;
COLLIERS SECURITIES LLC;
COLLIERS INTERNATIONAL GROUP
INC.; and AVALANCHE ENERGY
CAPITAL LLC,

Defendants.

Case No. 26-cv-1736 (LMP/DTS)

**ORDER ON PLAINTIFF'S MOTION
TO REMAND AND DEFENDANTS'
MOTIONS TO DISMISS**

Nicholas H. Callahan, **Barack Ferrazzano Kirschbaum & Nagelberg, Wayzata, MN**; Andrew L. Osborne and Zoe Cross, **Barack Ferrazzano Kirschbaum & Nagelberg, Chicago, IL**, for Plaintiff.

Paul L. Ratelle, **Fabyanske, Westra, Hart & Thomson, PA, Minneapolis, MN**, for Defendants Colliers Equipment Trustee, LLC, Colliers Funding LLC, and Colliers Securities LLC.

Peter McElligott and William R. Paterson, **Anthony Ostlund Louwagie Dressen & Boylan P.A., Minneapolis, MN**, for Defendant Colliers International Group Inc.

Plaintiff Union Equipment Finance, LLC ("Union") brought this action in Minnesota state court, alleging a variety of claims against Defendants related to a financing transaction gone bad. Defendants removed the case to federal court, and Defendants Colliers Equipment Trustee LLC ("Trustee"), Colliers Funding LLC ("Funding"), Colliers Securities LLC ("Securities"), and Colliers International Group Inc. ("International") (collectively, "Colliers Defendants") moved to dismiss. Union then moved to remand this

1

case to state court, arguing that Defendant Avalanche Energy Capital LLC ("Avalanche"), which has not appeared in this action, had not consented to removal.  For the following reasons, the Court grants Union's motion to remand and denies Colliers Defendants' motions to dismiss as moot.

## BACKGROUND

On January 29, 2026, Union filed this action against Colliers Defendants and Avalanche in Minnesota state court.  *See* ECF No. 1-1.  Union brought a variety of claims against Colliers Defendants and Avalanche, including fraud, breach of contract, and breach of fiduciary duty, and a civil claim under the Racketeering Influenced and Corrupt Organizations Act.  *See id.* at 47–60.  Union served the complaint on Defendants on February 2, 2026.  ECF No. 1 ¶ 3.  With respect to Avalanche, Union served Avalanche's currently maintained registered agent in Delaware.  ECF No. 25-4.  Avalanche's counsel called Union's counsel, acknowledged Avalanche's receipt of the summons and complaint, and discussed an extension to file an answer to the complaint.  ECF No. 25 ¶¶ 7–8.  Ultimately, Avalanche's counsel notified Union's counsel that Avalanche would not file an answer due to Avalanche's cancelled status with the Delaware Secretary of State.  *Id.*

On March 4, 2026, International removed this action to federal court pursuant to the Court's federal-question and supplemental jurisdiction.  *See* ECF No. 1.  The notice of removal states that "[a]ll Defendants consent to the removal of this case."  *Id.* at 4.  On March 13, 2026, Colliers Defendants moved to dismiss on jurisdictional and merits grounds.  *See* ECF Nos. 12, 18.  On March 26, 2026, Union moved to remand this action to state court, asserting that Avalanche had not consented to removal.  *See* ECF Nos. 23, 24.

Union opposes Colliers Defendants' motions, and Colliers Defendants oppose Union's motion. *See* ECF Nos. 28, 30, 32.[1]

## ANALYSIS

When a civil action is removed to federal court pursuant to 28 U.S.C. § 1441(a), as is the case here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). If there is not unanimous consent to remove among the properly served defendants, the case must be remanded to state court. *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 n.2 (8th Cir. 2001).

Union argues, and the Colliers Defendants agree, that Avalanche did not consent to removal. ECF No. 24 at 1; ECF No. 30 at 2. But the Colliers Defendants argue that Avalanche did not need to consent to removal for two reasons.

First, Colliers Defendants observe that Avalanche's certificate of formation was cancelled, and, under Delaware law, Avalanche no longer exists.[2] *See* ECF No. 30 at 4–9. So, Colliers Defendants say, Avalanche "cannot sue or be sued." *Id.* at 10. That's not true: Delaware law allows a cancelled limited liability company to be sued and served through publication. *See In re VBR Agency, LLC*, 274 A.3d 1068, 1076 (Del. Ch. 2022); *Tratado*

---

[1]     Trustee, Funding, and Securities filed a "motion for joinder" to join International's brief in opposition to Union's motion to remand. ECF No. 32. Trustee, Funding, and Securities do not need a motion for that, but the Court nevertheless grants the motion and considers International's opposition as submitted by all Colliers Defendants.

[2]     The Court assumes without deciding that Colliers Defendants are correct and accepts that Avalanche is a cancelled entity which no longer exists under Delaware law.

*de Libre Commercio, LLC v. Splitcast Tech., LLC*, No. 2019-0014-JRS, 2019 WL 1057976, at *1–2 (Del. Ch. Ct. Mar. 6, 2019). Colliers Defendants cite *In re Krafft-Murphy Co.*, No. 6049-VCP, 2011 WL 5420808 (Del. Ch. Ct. Nov. 9, 2011), for the proposition that "[t]he dissolution of a corporation was its 'civil death,' the point after which the corporation could no longer sue or be sued." ECF No. 30 at 10 (quoting *Krafft-Murphy*, 2011 WL 5420808, at *6). But that quotation is selective; the sentence after this quotation explains that the "civil death" rule was the "strict" common law rule that has since been modified by Delaware law establishing mechanisms "by which corporations can continue to sue and be sued during and after the winding up of their business." *Krafft-Murphy Co.*, 2011 WL 5420808, at *6. Avalanche may still be sued, notwithstanding the misrepresentation of Delaware law by Colliers Defendants.

Second, Colliers Defendants assert that as a cancelled entity, Avalanche needed to be served through publication, not through its registered agent. ECF No. 30 at 10 n.4 (citing *VBR Agency*, 274 A.3d at 1076). Colliers Defendants observe that 28 U.S.C. § 1446(b)(2)(A) only requires the consent of defendants "properly joined and served," and argue that Avalanche was not properly served here. *Id.* at 10–11. Federal courts addressing that very question "are divided concerning whether a removing defendant can forgo obtaining a codefendant's joinder or consent on the ground that service of process on the non-removing defendant was defective." *Marquette Bus. Inc. v. Am.'s Kitchen, Inc.*, No. 09 Civ. 1937, 2010 WL 1711767, at *3 (N.D. Tex. Apr. 28, 2010) (collecting cases). Some courts take the view that because improper service of process is a waivable defense that is personal to the party invoking it, a "removing defendant cannot assert insufficient

4

service on behalf of a different defendant" to excuse a lack of unanimous consent to remove among all defendants. *Battle v. Caesars Enter. Servs., LLC*, No. 1:25-cv-00011-SHL-HCA, 2025 WL 3516803, at *4 (S.D. Iowa Oct. 27, 2025) (quoting *Revilla v. H&E Equip. Servs.*, No. 2:20-cv-194, 2020 WL 9259087, at *1 n.2 (S.D. Tex. Oct. 6, 2020)); *see, e.g.*, *BNSF Ry. Co. v. Griffitts*, Nos. 12-3555-CV-S-DW, 13-3126-CV-S-DW, 2013 WL 12321425, at *2 (W.D. Mo. Sept. 13, 2013); *NYCB Mortg. Co., LLC v. Cap. Fin. Mortg. Corp.*, No. 1:13 CV 2678, 2014 WL 535706, at *3 (N.D. Ohio Feb. 6, 2014); *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 122 (D. Mass. 2006); *Seguros Comercial Am., S.A. v. Am. Pres. Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996).

On the other hand, some courts look to the language of 28 U.S.C. § 1446(b)(2)(A), like Colliers Defendants do, and find that a defendant's consent is not required if there was a procedural defect in service of process on that defendant at the time of removal. *See, e.g.*, *Rand v. Everson*, No. 3:25-cv-442, 2025 WL 3172848, at *4 (M.D. Pa. Nov. 13, 2025); *County of Morris v. State Nat'l Ins. Co.*, Civil Action No. 10-6616 (WJM), 2011 WL 2039057, at *4 (D.N.J. Apr. 26, 2011), *report and recommendation adopted*, 2011 WL 2036439 (D.N.J. May 22, 2011); *Edwards v. Prudential Life Ins. Co. of Am.*, No. C 07-05807 VRW, 2008 WL 11456116, at *2–3 (N.D. Cal. Jan. 7, 2008); *Edley v. Avis Rent A Car Sys., LLC*, No. 03 Civ. 5065, 2004 WL 594917, at *2 (S.D.N.Y. Mar. 25, 2004); *Hicks v. Emery Worldwide, Inc.*, 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003).

For several reasons, the Court finds the former approach more persuasive, which appears to have more currency in this Circuit. *See Battle*, 2025 WL 3516803, at *4; *Griffitts*, 2013 WL 12321425, at *2. First, improper service of process is an affirmative

5

defense that is personal to the defendant asserting it.  Fed. R. Civ. P. 12(b)(5); *see* 5B Wright & Miller's Federal Practice & Procedure § 1353 & n.34 (4th ed. Apr. 2026 update). The defense is also waivable by the defendant allegedly served improperly.  Fed. R. Civ. P. 12(h)(1).  In a sense, then, whether service on Avalanche was "proper[]," 28 U.S.C. § 1446(b)(2)(A), remains to be seen, as Avalanche has not challenged the service of the complaint on it.  *Cf. Hess v. Great Atl. & Pac. Tea Co.*, 520 F. Supp. 373, 376 (N.D. Ill. 1981) ("Unless there has been a state court determination prior to removal that service on a defendant was defective, all defendants upon whom purported service has been made at the time of removal must join in the petition.").

In fact, by all accounts, Avalanche has acted as if service was proper—Avalanche's counsel acknowledged receipt of the summons and complaint through Avalanche's currently maintained registered agent, called Union's counsel to discuss filing an answer to the complaint, and ultimately decided not to file an answer due to Avalanche's cancelled status with the Delaware Secretary of State.  ECF No. 25 ¶¶ 7–8; ECF No. 25-3 at 3. Nothing suggests that Avalanche considers service improper, so it would be peculiar for the Court to nevertheless hold that it was.[3]

---

[3]    It is indeed odd that despite being a cancelled entity that should not be served through a registered agent, Avalanche has maintained an active registered agent and seemingly retained counsel to evaluate Union's complaint.  ECF No. 25 ¶¶ 7–8; ECF No. 25-3 at 3; ECF No. 31-1.  These factual peculiarities create sufficient doubt about the propriety of removal that must be resolved in favor of remand.  *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007) (citation omitted) (explaining that federal courts must "resolve all doubts about federal jurisdiction in favor of remand").

Second, and equally important, is the recognition that federal courts are courts of limited jurisdiction, which requires "[d]ue regard for the rightful independence of state governments." *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 77 (1941) (citation omitted). That is why the removal statutes are "strictly construed in favor of state court jurisdiction." *Capehart-Creager Enters., Inc. v. O'Hara & Kendall Aviation, Inc.*, 543 F. Supp. 259, 262 (W.D. Ark. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Consequently, a defendant's right to remove and a plaintiff's right to choose his forum "are not on equal footing," *Woods v. White Castle Sys., Inc.*, No. 4:21-CV-460 RLW, 2021 WL 1686356, at *1 (E.D. Mo. Apr. 29, 2021) (citation omitted), and any doubts about the propriety of removal are to be resolved in favor of remand, *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). Here, the Court cannot determine with certainty whether Avalanche has been "properly joined and served." On one hand, Delaware law holds that it is improper to serve a nonexistent entity through a registered agent; rather, service must be accomplished through publication. *VBR Agency*, 274 A.3d at 1076. But on the other hand, Avalanche has continued to maintain a registered agent and, based on Avalanche's representations to Union's counsel, seems to accept Union's manner of service as proper (even as it refuses to answer the complaint). ECF No. 25 ¶¶ 7–8; ECF No. 25-3 at 3. The Court must resolve that lack of certainty in favor of remand. *Dahl*, 478 F.3d at 968.

Colliers Defendants protest that Union's position places them in a pickle: either they seek the consent of a nonexistent entity to remove (which they say is impossible) or Avalanche must revive itself as a limited liability company (which is highly unlikely to

happen). ECF No. 30 at 11. That's not entirely true. Colliers Defendants could have raised the argument that "the rule of unanimity excepts nominal defendants from the requirement of unanimous consent to removal." *MOAC Mall Holdings LLC v. Walking Co.*, No. 22-cv-1557 (WMW/JFD), 2023 WL 166917, at *2 (D. Minn. Jan. 12, 2023). A nominal defendant is one "against whom no real relief is sought," *id.* (citation omitted), and can include an entity that has dissolved, *see Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 (3d Cir. 2013). Colliers Defendants also could have raised the fraudulent-joinder doctrine, which some courts have applied to federal-question cases where a plaintiff "cannot establish the possibility of a cause of action against the joined party." *Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d at 118. However, Colliers Defendants raised neither argument, and it is not this Court's job to construct it for them.[4] *See United States v. Guzman-Tlaseca*, 546 F.3d 571, 578 (8th Cir. 2008); *see also Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009) (explaining that the party seeking removal bears the burden of establishing the propriety of federal jurisdiction). And, of course, Colliers Defendants are not totally without recourse, as they can continue to fully litigate this case where it began and belongs: state court.

---

[4]    It is a bit perplexing that Colliers Defendants did not raise the nominal-defendant and fraudulent-joinder doctrines, since Union's briefing expressly cites cases discussing those doctrines. *See* ECF No. 24 at 5, 8 (citing *MOAC Mall Holdings*, which discusses nominal defendants, and *Battle*, which discusses fraudulent joinder).

Because the rule of unanimity is not satisfied, this action must be remanded to Minnesota state court.[5] *See Marano Enters. of Kan.*, 254 F.3d at 754 n.2. The Court therefore denies Colliers Defendants' motions to dismiss as moot.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Colliers Funding LLC's, Colliers Securities LLC's, and Colliers Equipment Trustee LLC's Motion for Joinder to Colliers International Group Inc.'s Opposition (ECF No. 32) is **GRANTED**;

2. Union Equipment Finance, LLC's Motion To Remand (ECF No. 23) is **GRANTED**;

3. Colliers International Group Inc.'s Motion To Dismiss (ECF No. 12) is **DENIED** as moot;

4. Colliers Funding LLC's, Colliers Securities LLC's, and Colliers Equipment Trustee LLC's Motion To Dismiss (ECF No. 18) is **DENIED** as moot; and

5. This action is **REMANDED** to the District Court of the State of Minnesota, Fourth Judicial District, County of Hennepin.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 30, 2026

_s/Laura M. Provinzino_
Laura M. Provinzino
United States District Judge

---

[5] As a final note, the Court observes that the statement "[a]ll Defendants consent to the removal of this case" in International's notice of removal was erroneous. ECF No. 1 at 4. As International's counsel candidly admitted during oral argument, it would have been more accurate for International to state "all Defendants properly served and joined consent to the removal of this case."

9